F. M. WILLIAMS v. WILLIAM L. LOMNER.

Covenant—Implied Warranty—Bond for Title.
    There is no implied warranty by the assignor of a bond for the conveyance of land.

Same—Specific Performance.
    A holder of a bond for title, must first seek by legal process, a conveyance from the vendor, and if defeated, can have recourse on the assignor of the bond, but not on implied warranty of title.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 10, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The answer of the appellant presents no valid defense. If it be true that he held the bond of Newman for a conveyance of the Illinois land in trust for Ramsey and Morris, and that the note was given in consideration of their surrender to him of their claim to said bond, he at best took it as their assignee.

There is no implied warranty by the assignor of a bond for the conveyance of land. *Moredock v. Rawlings, 3d Monroe 75.* It was the duty of the appellant to take the necessary legal steps to compel Newman to convey the land in compliance with his bond. And if after the use of due diligence, he was defeated in this attempt he would have recourse on Ramsey and Morris on their contract of assignment, but not on an implied warranty of title. His answer discloses the fact that no suit has as yet been brought by him against Newman. No allegation of insolvency is made against his assignors, and no reason is assigned why he has not attempted to compel Newman to convey.

In addition to this fact he fails upon the trial to prove that Newman has refused to convey.

The judgment appealed from must be *affirmed.*

*Winn & Summers, Apperson,* for appellant.

*R. Reid,* for appellee.